## HALL v. UNITED STATES.
### No. 10213.

United States Court of Appeals
District of Columbia Circuit

Argued Oct. 10, 1949.
Decided Jan. 9, 1950.

Mr. Harry A. Finney, Washington, D. C., for the appellant.

Mr. Martin J. McNamara, Jr., Assistant United States Attorney, Washington, D.

1. D.C.Code (1940), Section 22—2708, 36 Stat. 833.

2. D.C.Code (1940), Section 22—2707, 36 Stat. 833, provides in part: "Any person who * * * shall receive any money or

C., with whom Messrs. George Morris Fay, United States Attorney, and Joseph M. Howard, Assistant United States Attorney, Washington, D. C., were on the brief, for appellee.

Before CLARK and PROCTOR, Circuit Judges, and MORRIS, District Judge, sitting by designation.

CLARK, Circuit Judge.

Carl J. Hall was found guilty of violating Title 22, Section 2708, D.C.Code, 1940 Ed., which provides:

"Any person who by force, fraud, intimidation, or threats, places or leaves, or procures any other person or persons to place or leave, his wife in a house of prostitution, or to lead a life of prostitution, shall be guilty of a felony, and upon conviction thereof shall be imprisoned not less than one year nor more than ten years." [1]

Hall's indictment and conviction resulted from his actions on the night of February 8, 1949, when, by force, intimidation and threats, he compelled his wife to have sexual intercourse with a chance acquaintance whom he had brought to their apartment.

There was no showing that either Hall or his wife derived any gain therefrom, and therefore appellant contends that he cannot be convicted under this section of the Code because gain is an essential element of the crime. He first addresses himself to the proposition that gain to the panderer is a usual element in crimes of this character. We hold, however, that it is not an element of this crime as it is set out in the statute. Had the legislature intended otherwise they would have said so. We are inevitably drawn to this conclusion by the fact that the legislature has clearly demonstrated in the preceding section of the Code [2] that when they wish to make gain an essential element of a crime they know how to do so. But, appellant argues, even if gain to himself is not necessary,

other valuable thing for * * * causing any female to have sexual intercourse with any other person * * * shall be guilty of a felony * * *."

none-the-less, since it is necessary for him to place his wife to lead a life of prostitution, and since by definition prostitution is the offering by a female of her body to indiscriminate intercourse with men for hire, he still cannot be guilty of the crime charged because there was no gain to his wife. The authorities are in admitted conflict as to whether or not gain is an essential part of the definition of prostitution; but it is immaterial whether appellant's wife actually engaged in prostitution under any definition. The gist of the offense is placing her to lead such a life. It would be manifestly unfair to hold that the person who is the object of the statutory protection must first become a prostitute in order to avail herself of the law's protective mantle. The statute does not require the wife to become a prostitute. It simply makes it a crime for a husband "to place" his wife "to lead" such a life. Nor does the fact that he so places her necessarily mean that a conviction of the husband automatically brands the wife as a prostitute as appellant contends. A person may be placed to lead such a life but never actually live it.

■ Finally, appellant contends that even if gain in any form is not an element of the crime, he still cannot be guilty because one act of indiscriminate lewdness cannot constitute a life of prostitution. In the first place, as we have already said, the wife does not have to become a prostitute in order that the husband's crime be consummated. All that is necessary is that he place her to lead such a life. But even if it was necessary, in order to consummate the crime, that she actually lead a life of prostitution, it is abundantly clear such a life has a beginning, and that beginning may be at the first act. There is no rationale which could compel a contrary holding because otherwise the law would be in the unusual position of having to sit by and watch a wife be forced into several acts before it could proceed against the husband. The crime is as complete after the first act as it would be after several acts.

Affirmed.